APPEAL OF E. R. BERNSTEIN, EXECUTOR, ESTATE OF MICHEL BERNSTEIN, DECEASED.

Docket No. 5722.   Submitted February 11, 1926.   Decided April 19, 1926.

The value of real estate at the date of death of decedent determined.

E. W. R. Ewing, Esq., for the taxpayer.
J. S. Halstead, Esq., for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in estate tax in the amount of $2,550.80.   The issues are (1) the value of certain real estate at the date of the death of the decedent, July 18, 1923; and (2) the deductibility of $11,000 inheritance tax paid to the State of Louisiana.

FINDINGS OF FACT.

The petitioner is the executor of the estate of Michel Bernstein, his brother, who died July 18, 1923.   Prior to that date the decedent and the petitioner were members of a partnership known as Bernstein Bros., which owned a large amount of real estate in Shreveport and Caddo Parish, La.   The petitioner filed an estate-tax return for the estate of the decedent on July 15, 1924, in which the actual value at the date of the decedent's death of the real estate owned by the partnership was placed at $640,014.95, to which was added accrued income on improved properties amounting to $10,995.80, making a total for the real estate and accrued income of $651,010.75.   The net worth of the partnership was returned as $551,226.52 and the decedent's one-half interest as having a value of $275,613.26.

On April 10, 1925, the petitioner requested the Shreveport Real Estate Board to make an appraisement of the real estate of the partnership.   Pursuant to such employment, G. M. Leadman called into his office, on April 10, 1925, five other members of the board who then and there, without personal inspection of the properties to be valued, made an appraisement of the real estate.   Their appraisements ranged from $482,845 to $517,275.

The estate-tax return shows the payment of inheritance taxes to the State of Louisiana in the amount of $11,000.

The Commissioner fixed the value of the gross estate at $651,010.95, and denied as a deduction the amount of $11,000 as inheritance tax imposed by the State of Louisiana.

OPINION.

SMITH: The petitioner, who was a partner of the decedent, filed an estate-tax return for the decedent, in which he stated that the

actual value of the real estate of the partnership at the date of the death of the decedent was $640,014.95. The Board is not informed as to the basis of the determination of such value. It may have been the cost of the properties or the book value as shown by the books of the partnership. The petitioner has caused an appraisal of the properties to be made and now claims that the value of the real estate of the partnership at the date of the death of the decedent was only $499,142.36, and that the decedent had only a one-half interest therein. The petitioner alleges error on the part of the Commissioner in refusing to accept the above-mentioned figure of $499,142.36 for the real estate, instead of the amount shown in the estate-tax return, namely, $640,014.95.

The real estate owned by the partnership of Bernstein Bros. was widely scattered throughout the City of Shreveport and Caddo Parish, and apparently consisted in large part of acreage, vacant lots, and land upon which there were few improvements. In making their appraisal, six members of the Shreveport Real Estate Board assembled in the office of G. M. Leadman on April 10, 1925, sat around a table and, as the location of the land was pointed out to them, they each set down upon paper their estimate as to the value of the real estate on July 18, 1923. It is evident from the testimony of these men, as shown by their depositions, that many of them had never been upon nor seen the property which they appraised. They simply determined the location of each parcel and, from their general knowledge of real estate conditions, estimated the fair value of it. The record contains a copy of the appraisal made by each appraiser. The lands shown by the appraisal are not described in the same manner that they are described in the estate-tax return made by the petitioner, and it is impossible to check out in all instances the exact difference between the amounts shown by the appraisers and the amounts returned by the petitioner. We are convinced from a careful examination of the entire record that the evidence adduced generally is not sufficient to prove incorrect or inaccurate the estimate of value made by the petitioner, who had sources of information of the value which undoubtedly were not possessed by any of the appraisers. We are, however, of the opinion that the value of the seventeen twenty-fourths interest in 93.8 acres of land returned as having a value of $93,800 was in excess of the actual value. This tract was apparently well known to most of the appraisers. It consisted of an unimproved area in a colored subdivision. J. R. Emery, one of the appraisers, owned a 40-acre tract adjoining this tract. He placed the value of the partnership's interest in the tract at $30,000. One of the other appraisers placed a value on the tract of $32,500. All of the others estimated the

value at a less amount, one of them being only $18,760. In view of this evidence, we think that the value of the tract was only $30,000, and that the value of all of the real estate owned by the partnership was $576,214.95 instead of $640,014.95, the amount returned.

The claim of the petitioner that he is entitled to deduct from the gross estate inheritance taxes paid to the State of Louisiana can not be allowed, since the taxing statute specifically provides that inheritance taxes may not be deducted from the gross estate. Section 403 (a) (1), Revenue Act of 1921.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*